**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **HSM PORTFOLIO LLC AND TECHNOLOGY PROPERTIES LIMITED LLC,**<br><br>                    **Plaintiffs,**<br><br>**v.**<br><br>**FUJITSU LIMITED, ET AL.,**<br><br>                    **Defendants.** | No. 3:14-mc-80-N (BF) |

**DR. PING GUI'S OPPOSITION TO
PLAINTIFFS' MOTION FOR RECONSIDERATION**

**I.      INTRODUCTION**

Plaintiffs' argument for reconsideration is based on a purely hypothetical assertion—"new circumstances that have not yet developed" could materialize which would somehow justify a deposition of Dr. Gui.  (Doc. 13, Pls.' Mot. for Recons. at 3.)  Though these new unformed circumstances are only vaguely described, what remains clear is that a deposition of Dr. Gui would still subject her to the risk of violating the protective order from the Caltech matter.  (*See* Doc. 12, Order at 3.)  The Court correctly relied on this risk in rejecting Plaintiffs' original attempt to depose Dr. Gui, and nothing Plaintiffs present here remotely supports reconsideration.

Plaintiffs unduly burden Dr. Gui once again by filing this present motion, which unjustifiably requests the Court "relax" its Order to "permit Plaintiffs to contact Dr. Gui's attorneys and confer with them"—*i.e.*, re-litigate another non-party subpoena—"in the event Plaintiffs believe 'changed circumstances or new situations' make Dr. Gui's testimony

necessary," effectively, at Plaintiffs' discretion.  (Doc. 13 at 3.)  Such a request finds no support in the law, and would eviscerate the Order properly granted by this Court.

## II.      LEGAL STANDARDS

Although Rule 54(b) applies to reconsideration of interlocutory orders, considerations of Rule 59 inform the Rule 54(b) analysis.  *See Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d. 550, 553 (N.D. Tex. 2009).  "A Rule 59(e) motion 'calls into question the correctness of a judgment.' . . . [S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).  "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."  *Id*. at 479.

## III.     ARGUMENT

### A.      There is no manifest injustice to Plaintiffs.

The only basis on which Plaintiffs seek reconsideration is "to prevent manifest injustice." (Doc. 13 at 1-2.)  But Plaintiffs present no legal authority on what constitutes manifest injustice, much less any meaningful argument that manifest injustice would occur.

Although "[t]he term 'manifest injustice' eludes precise definition . . . 'manifest injustice' must entail more than just a clear and certain prejudice to the moving party, but also a result that is fundamentally unfair in light of governing law."  *Slate v. Am. Broadcasting Cos., Inc.*, No. 09-1761, 2013 WL 6713178, at *3 (D.D.C. Dec. 20, 2013) (citations omitted).

First, "clear and certain prejudice" cannot be shown here.  Plaintiffs' manifest injustice argument boils down to "something might happen in the future," far from a showing of clear and certain prejudice.  (*See* Doc. 13 at 3 (concluding "Precluding any future subpoena under even new circumstances that have not yet developed . . . would be a manifest injustice to Plaintiffs.") If anything, asking this Court to modify its decision on the basis of a hypothetical future scenario

is tantamount to seeking a prohibited advisory opinion.  A genuine case or controversy "must be definite and concrete . . . as distinguished from an opinion advising what the law would be upon a hypothetical set of facts."  *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937).  The ruling Plaintiffs seek is based on a hypothetical scenario:  if Plaintiffs are finally "able to view the schematics the Special Master ordered to be produced" and "the set up appears to differ from what Dr. Gui previously testified" and questions arise that Dr. Gui may have knowledge on, would a deposition in that circumstance be warranted?  (Doc. 13 at 2.)  This is the sort of hypothetical that seeks advisory opinions.

Second, there is nothing remotely unfair about this Court's Order.  Plaintiffs argue they will be prejudiced if they cannot contact Dr. Gui's attorneys in the event that Plaintiffs deem it necessary.  But the entire point of all the previous briefing on this issue was to obtain a final ruling from this Court.  Plaintiffs' desired modifications to the Order (which allow Plaintiffs, at their discretion, to contact Dr. Gui's attorneys to negotiate for a deposition) would defeat the entire point of the Order, and lead to renewed motions before this Court on the very issue already decided.  Such endless litigation would only be unfair to Dr. Gui.

**B.      Plaintiffs make a legal distinction where there is none.**

Plaintiffs attempt to fabricate a distinction between this Court's Order and an "actual protective order" by characterizing this Court's Order as a "*de facto* protective order" that could never be modified, no matter the circumstances. However, Plaintiffs do not merely seek clarification about this point of law; rather, Plaintiffs try to parlay this illusory distinction into a modification to the Order that would allow them free reign to press Dr. Gui's counsel for a deposition as if the Order never had been given.  And Dr. Gui's counsel would then, once again, need to move this Court for a protective order.

### C.      There is no justification to modify this protective order.

Although styled as a motion for reconsideration, Plaintiffs appear to argue that circumstances justifying a modification of the protective order exist, or could soon exist. However, nothing presented by Plaintiffs gives rise to a basis for modifying the protective order.

"A court has discretion to modify a protective order it has entered as long as the order remains in effect."  *Peoples v. Aldine Indep. Sch. Dist.*, No. 06-2818, 2008 WL 2571900 at *2 (S.D. Tex. June 19, 2008).

> In determining whether to modify a protective order, courts consider four factors: "(1) the nature of the protective order, (2) the foreseeability, at the time of issuance of the order, of the modification requested, (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification."

*Id.* (quoting *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 179 (N.D. Ill. 2006))

Plaintiffs' quashed deposition sought Dr. Gui's testimony for the purpose of comparing what STMicroelectronics N.V. ("ST") produced in the Caltech matter to what was produced in the pending HSM matter.  This Court properly quashed the deposition and granted the present protective order on the grounds that (1) the requested information was "only tangentially related to Plaintiffs' claims in the Delaware matter, and the benefit of enforcing compliance with the subpoena is marginal" and (2) a serious burden on Dr. Gui would arise if the deposition occurred.  (Doc. 12 at 3-4.)

This Court's reasoning applies with the same force, if not more strongly, to the new circumstances presented by Plaintiffs.  Nothing of consequence has changed.  The only development Plaintiffs have identified is that Plaintiffs have prevailed on their motion to compel in the HSM matter.  (Doc. 13 at 2.)  But the only consequence of this is to minimize the benefit, if any, that would arise from deposing Dr. Gui, and also undermine any argument of prejudice to Plaintiffs, given that Plaintiffs were able to prevail without Dr. Gui's testimony.  Moreover,

given that the motion to compel was pending at the time this issue was briefed,[1] any changed

circumstances arising from the ruling on the pending motion to compel were entirely foreseeable.

Plaintiffs conclude Dr. Gui's testimony may be necessary "in the event the set up appears

to differ" from what ST produced in the HSM matter, which appears to refer to the configuration

of the computer on which discovery will be produced in the instant Delaware case as compared

to the production of discovery in the prior Caltech litigation.  (Doc. 13 at 2.)  This hypothetical is

just more of the same:  Plaintiffs, as before, would seek Dr. Gui's testimony for the purpose of

comparing ST's production in the present HSM matter to ST's production in the Caltech matter.

This reason for pursuing the deposition of Dr. Gui was already considered and rejected by this

Court as not outweighing the burden of subjecting Dr. Gui to a non-party deposition.  This Court

has fully considered the issues and recognized that a deposition of ST's expert from a former

case poses an undue risk that she will be put into the untenable position of violating the

protective order from the prior matter, and that risk does not change based on the discovery

Plaintiffs obtain from ST in the HSM matter.

Rehashed arguments do not provide sufficient justification for either a motion for

reconsideration or modification of the protective order.  *See Templet*, 367 F.3d 473 at 478-79.

To the extent that Plaintiffs now wish to compare the "configuration" of the information on the

computer produced in the HSM matter with the "configuration" of the information on the

computer produced in the Caltech matter, that is a distinction without a difference, because the

instant request and the earlier justification both address comparing production between the two

---

[1] "Plaintiffs anticipate that the deposition of Dr. Gui will yield important testimony that is highly relevant to positions taken by ST, which relate to a pending motion to compel."  (Doc. 11, Jt. Stat. Rep., at 11 n.3.)

cases.[2]   In any event, a request to compare the "configuration" of the production versus comparing the production itself—to the extent that is a difference—was also entirely foreseeable at the time of the order and, therefore, does not raise new issues for consideration now.  *See Peoples*, 2008 WL 2571900 at *2.

In sum, Plaintiffs fail to show good cause for modifying the order.

## IV.    CONCLUSION

As this Court already held, subjecting Dr. Gui to a deposition is an undue burden because a deposition will put her at the untenable risk of violating the protective order from the Caltech matter.   Accordingly, Dr. Gui respectfully requests that this Court deny Plaintiffs' Motion for Reconsideration.

**DATED**:  September 2, 2014             Respectfully submitted,


                                         SIDLEY AUSTIN LLP

                                         _/s/ Thomas N. Tarnay_____
                                         Dale B. Nixon (TX Bar # 15044500)
                                         Thomas N. Tarnay (TX Bar # 24003032)
                                         2001 Ross Avenue
                                         Suite 3600
                                         Dallas, TX 75201
                                         (214) 981-3300

                                         *Attorneys for Dr. Ping Gui*

---

[2] In the original joint status report, Plaintiffs contended "that the deposition testimony sought from Dr. Gui is necessary to a comparison of the production made by STMicroelectronics in [the Caltech matter] for certain image sensor products to the discovery production made by STMicroelectronics in the HSM matter."  (Doc. 11, Jt. Stat. Rep., at 2.)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 2, 2014, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5.1(d).

*/s/ Thomas N. Tarnay*
Thomas N. Tarnay