IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HSM PORTFOLIO LLC AND TECHNOLOGY PROPERTIES LIMITED, LLC, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 3:14-mc-80-N |
| FUJITSU LIMITED, ET AL., | § § § | |
| Defendants. | § | |

## ORDER

Plaintiffs HSM Portfolio LLC and Technology Properties Limited, LLC have filed a motion for reconsideration of the Court's July 14, 2014 Order granting non-party Dr. Ping Gui's motion to quash and for protective order (the "Order"). More specifically, the Court's Order quashed Plaintiffs' subpoena seeking deposition testimony from Dr. Gui about an expert declaration that she submitted two years ago in an unrelated patent infringement action, *California Inst. of Tech. v. STMicroelectronics, Inc., et al.*, No. 10-cv-09099-MRP-VBK (C.D. Cal.) (the "Caltech matter"). The Order also "barred [Plaintiffs] from making any further attempts to depose [Dr. Gui] about her expert declaration in the Caltech matter." Order, 7/14/14 (Doc. 12) at 4-5. By their motion, Plaintiffs ask the Court to modify the Order to allow Plaintiffs to seek Dr. Gui's testimony should new facts and circumstances arise in connection with patent litigation pending in the District of Delaware, *HSM Portfolio LLC et al. v. Fujitsu Limited, et al.*, No. 11-cv-00770-RGA (D. Del.) (the "HSM matter") that warrant a need for her testimony. Alternatively, Plaintiffs request that the Court

modify the Order to include a clear statement that Plaintiffs have all the rights and remedies that a party would have under a "traditional protective order," including the right to seek a modification while the order is in effect. Pl. Reply at 2-3, 4. Dr. Gui opposes Plaintiffs' motion on grounds that Plaintiffs have not shown good cause for modifying the Order. The issues have been fully briefed, and the motion is ripe for determination.

The Court's July 14, 2014 Order granting Dr. Gui's motion to quash and for protective order is a "protective order." A court has broad discretion to modify a protective order as long as the order remains in effect. *Oldendorff Carriers GmbH & Co., KG v. Grand China Shipping (Hong Kong) Co., Ltd.*, No. CA C-12-074, 2013 WL 1867604, at *2 (S.D. Tex. Apr. 22, 2013); *Peoples v. Aldine Indep. Sch. Dist.*, No. Civ. A. 06-2818, 2008 WL 2571900, at *2 (S.D. Tex. June 19, 2008). The following factors inform the court's consideration of whether a modification is appropriate: "(1) the nature of the protective order, (2) the foreseeability, at the time of the issuance of the order, of the modification requested, (3) the parties' reliance on the order, and most significantly (4) whether good cause exists for the modification." *Oldendorff Carriers*, 2013 WL 1867604, at *2. Only the first and fourth factors are relevant in this case.[1]

With regard to the first factor, the court considers the scope of the protective order and whether it was court-imposed or stipulated to by the parties. *Id.* "A party's prior consent to the

---

[1] "Foreseeablity" is a question of "whether the need for modification of the order was foreseeable at the time the parties negotiated the original stipulated protective order." *Peoples*, 2008 WL 2571900, at *2 (quoting *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 180 (N.D. Ill. 2006)). "[A] party's oversight in not negotiating a provision in a protective order considering a matter which should have been reasonably foreseeable at the time of the agreement has been held not to constitute good cause for relief from the protective order." *Id.* The reliance factor examines "the extent to which a party resisting modification relied on the protective order in affording access to discovered materials." *Id.* (quoting *Murata Mfg. Co.*, 234 F.R.D. at 180). Neither the foreseeability nor the reliance factors are applicable here because the Order is a court-imposed order rather than an order stipulated to by the parties and Dr. Gui has not given any deposition testimony in reliance on the Order.

protective order will weigh against its motion for modification." *Id.* (quoting *Bayer AG and Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 466 (S.D.N.Y. 1995)). Further, orders covering a specific type of identified information are narrowly defined and are thus more difficult to modify. *Id.* With regard to the fourth factor, "good cause" requires "changed circumstances or new situations" warranting modification of a protective order. *Id.* (quoting *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 180 (N.D. Ill. 2006)). In determining whether the moving party has established good cause, "the court must weigh that party's need for modification against the other party's need for protection, and ought to factor in the availability of alternatives to better achieve both sides' goals." *Id.* (quoting *Murata Mfg. Co.*, 234 F.R.D. at 180).

Here, the July 14, 2014 Order is a narrowly-tailored, court-imposed protective order entered upon the finding that Plaintiffs' deposition subpoena for Dr. Gui's testimony was unreasonable because the minimal relevance of the information requested did not outweigh the inconvenience and burden imposed on Dr. Gui. Plaintiffs have not demonstrated that any changed circumstances or new situations establish good cause for modifying the Order. The mere suggestion that unnamed, hypothetical, "new circumstances that have not yet developed" may possibly warrant modification of the Order falls woefully short of establishing good cause. Plaintiffs also have failed to demonstrate that their need for modification outweighs Dr. Gui's need for protection. The Court declines to offer any advisory opinion as to what sort of "new circumstances" may demonstrate good cause to modify the Order. If changed circumstances sufficient to demonstrate good cause actually develop in the future, Plaintiffs may file an appropriate motion.

Because the relevant factors weigh against modifying the Order, Plaintiffs' Motion for Reconsideration (Doc. 13) is DENIED.

SO ORDERED, October 23, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE